RESOLUCIÓN
El 15 de agosto de 2012 desaforamos indefinidamente de la profesión legal al Sr. Juan A. Marqués Latorre. In re Marqués Latorre, 186 D.P.R. Ap. (2012). En esencia, el mo-tivo de nuestro proceder fue el incumplimiento del señor Marqués Latorre en mantener actualizada su información de contacto en nuestro Registro Unico de Abogados y Abo-gadas de Puerto Rico (RUA). Además, fundamentamos nuestro dictamen en que el señor Marqués Latorre no con-testó nuestros requerimientos relacionados con la queja AB-2011-0166.
Así las cosas, el 17 de octubre de 2012, el señor Marqués Latorre presentó una “Moción urgente solicitando recon-sideración”. En ella, sostuvo que nunca ha recibido ni ha sabido de notificación o resolución alguna de este Foro. Por el contrario, el señor Marqués Latorre presentó evidencia de que contestó la querella AB-2011-0166 ante la Oficina del Procurador General. Del expediente del caso surge que *13 el 13 de julio de 2011 la Secretaría de este Tribunal refirió la queja ante el Procurador General. No obstante, el 21 de septiembre de 2011, la Secretaría de este Foro desistió del referido.
Durante el trámite ante el Procurador General, el señor Marqués Latorre recibía todas las notificaciones en la dirección postal personal que se encuentra en nuestro RUA. Asimismo, del formulario de la queja AB-2011-0166 que cumplimentó el quejoso Enrique Trigo Tió surge la misma dirección. Incluso, el señor Marqués Latorre presentó como exhibit 4 una carta de 25 de noviembre de 2009, firmada por nuestra Secretaria, informándole su número de RUA. Esa carta también se envió a la dirección postal personal. Sin embargo, al momento de diligenciar las notificaciones de este Foro, nunca se utilizó esa dirección. Por el contra-rio, se usaron las direcciones de la oficina física y postal, y la residencial física.
Sin duda alguna, el trámite de este caso ha sido muy confuso. La queja se refirió inicialmente al Procurador General y allí el señor Marqués Latorre la contestó el 30 de agosto de 2011. De esa forma, no se trata de una actuación contumaz de su parte para evadir nuestros requeri-mientos.
Por otro lado, en In re Rs. Proc. Civil y R.T. Supremo, 179 D.P.R. 174, 175 (2010), concedimos un término a los abogados para que actualizaran todas sus direcciones en el RUA e hicimos claro que “todas las Secretarías de los tribunales utilizarán, para notificar a los abogados y a las abogadas, la dirección identificada en RUA como ‘Dirección para Notificaciones’. Esta dirección se utilizará en todos los casos pendientes, independientemente de la dirección que se haya consignado en el expediente”. (Énfasis en el original). También advertimos a los abogados que el in-cumplimiento con lo ordenado podría conllevar la imposi-ción de sanciones, incluso sanciones disciplinarias. íd., pág. 176.
*14 Posteriormente, cuando aprobamos nuestro nuevo Re-glamento en 2011, establecimos diáfanamente en su Regla 9(j), 4 L.P.R.A. Ap. XXI-B:
__ El Secretario o la Secretaria tendrá a su cargo el Registro Único de Abogados y Abogadas de Puerto Rico con el nombre y apellidos de todos los abogados autorizados y todas las aboga-das autorizadas a postular ante los tribunales y a ejercer la notaría, las fechas en que fueron admitidos y admitidas al ejercicio de su profesión, su número ante el Tribunal Supremo, los números de teléfono de su oficina y los personales, el nú-mero de fax, su dirección postal personal y de oficina, dirección física de oficina y residencia, localización de la oficina notarial (si la tiene), la dirección seleccionada por el abogado o la abo-gada para recibir las notificaciones y su dirección electrónica. Todo abogado, toda abogada, notarios y notarías tendrán la obligación de mantener actualizados sus datos y realizar cual-quier cambio en la información que consta en el Registro Único.
Es un hecho irrefutable que algunas de las direcciones que el señor Marqués Latorre proveyó en el RUA no están actualizadas. También es un hecho irrebatible que la direc-ción que el abogado notificó como aquella donde debía no-tificársele toda comunicación oficial era su dirección postal en el estado de Florida. Fue allí donde se le notificaron nuestras resoluciones que fueron devueltas.
En este caso no se notificó al señor Marqués Latorre a la dirección postal personal que aparecía en nuestro Registro. Se le notificó a la dirección postal que el propio abogado identificó para esos propósitos.
Reiteramos la obligación de todos los abogados de cum-plir con la Regla 9(j) de nuestro Reglamento, supra. No obstante, el abogado ha comparecido con diligencia. No surge del expediente un deseo contumaz de desobedecer nuestras órdenes. Lo único que surge es la omisión de cum-plir con lo que ordenamos en In re Rs. Proc. Civil y R.T. Supremo, supra, y con la Regla 9(j) de nuestro Reglamento, supra.
*15 A la luz de lo anterior, tomamos la “Moción urgente so-licitando reconsideración” del señor Marqués Latorre como una solicitud de reinstalación y la declaramos “con lugar”. Por consiguiente, le concedemos al señor Marqués Latorre un término improrrogable de diez días para que actualice toda la información contenida en el RUA. Una vez complete ese trámite, su reinstalación será efectiva. Se aper-cibe al señor Marqués Latorre de su obligación de mante-ner toda su información actualizada en el Registro Unico de Abogadas y Abogados. Por último, referimos la queja AB-2011-166 al Procurador General para su trámite correspondiente.

Publíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.
(.Fdo.) Aida Ileana Oquendo Graulau Secretaria del Tribunal Supremo